# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| UNITED STATES | CRIMINAL ACTION |
|---|---|
| VERSUS | |
| JOHNNY L. GRANT | NO.: 17-00019-BAJ-EWD |

## RULING AND ORDER

Before the Court is Defendant's **Motion for Reconsideration of Order, to Reopen Hearing, and for Status Conference (Doc. 50)**. The United States filed a Reply (Doc. 52). For the reasons stated herein, the **Motion for Reconsideration of Order, to Reopen Hearing, and for Status Conference (Doc. 50)** is **GRANTED IN PART** and **DENIED IN PART.**

### I. BACKGROUND

On February 16, 2017, a federal grand jury indicted Defendant for possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1), possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A), and felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Doc. 2). On May 18, 2018, Defendant filed a Motion to Suppress, seeking to exclude certain statements as well as evidence recovered in a car and at an apartment at the trial. (Doc. 25). The Court held an evidentiary hearing in the matter on August 10, 2018 and denied the motion on September 13, 2018. (Doc. 38).

Defendant seeks to reopen the hearing and have the Court reconsider its ruling on the Motion to Suppress (Doc. 25) for two reasons. First, Defendant claims to have been deprived of the opportunity to testify at the hearing because of mutual miscommunication with his counsel. (Doc. 50-1 at p. 1). Second, Defendant seeks to present the testimony of two new witnesses who he claims will elucidate the timeline of Baton Rouge Police Department ("BRPD") officers' search of the apartment where Defendant was staying. (*Id.* at 2.). One of Defendant's principal arguments during the evidentiary hearing was that BRPD officers executed the search of the apartment before the judge signed the warrant.

## II. LAW AND DISCUSSION

### A. Testimony of Defendant

The United States has no objection to reopening the hearing to allow Defendant to testify. (Doc. 52 at p. 2). The United States asserts that because Defendant's recollection of what occurred on the day of the search of his apartment and car conflicts with the version described by BRPD officers, a finding that Defendant is more credible than the officers could entitle Defendant to relief. The United States contends that it is in the best interest of justice to reopen the evidentiary hearing to allow Defendant to testify. The Court agrees. The United States Court of Appeals for the Fifth Circuit has found that motions for reconsideration are a judicial creation not derived from statutes or rules. *U.S. v. Brewer*, 60 F.3d 1142, 1143 (5th Cir. 1995). As such, although the Federal Rules of Criminal Procedure do not explicitly authorize motions for reconsideration, district courts possess continuing jurisdiction over criminal cases and are free to reconsider

their earlier decisions. *U.S. v. Carter*, No. 12-198, 2015 WL 1897613, at *1 (E.D. La. Apr. 27, 2015) (citing *United States v. Scott*, 524 F.2d 465, 467 (5th Cir. 1975)). Given that the United States does not object to allowing Defendant to testify, and the Court finds that it is in the best interest of justice to allow Defendant to do so, the Court will allow Defendant to testify at a second evidentiary hearing.

### B. Testimony of Two New Witnesses

#### *1. Newly Discovered Evidence*

The United States opposes allowing the two new witnesses to testify. The United States argues that the statements of these witnesses do not rise to the level of "newly discovered evidence." (Doc. 52 at p. 3). *See U.S. v. Banks*, No. 1:08-cr-113, 2009 WL 585506, at *1 (E.D. Tex. Mar. 6, 2009) (finding that a motion to reconsider can in part serve the purpose of presenting newly discovered evidence). The Court disagrees. Defense counsel has explained that Defendant mentioned a potential witness prior to the evidentiary hearing, but counsel felt the description too vague to pursue. (Doc. 50-1 at p. 1). After the evidentiary hearing, Defendant's friends and family vigorously searched for and found the witnesses at issue. (*Id.*). Because defense counsel concluded, prior to the hearing and despite diligent efforts, that there was no reasonable basis to believe that other witnesses existed, the Court finds the testimony of the two additional witnesses to be newly discovered evidence.

Moreover, these witnesses could inform the Court regarding a material fact at issue in Defendant's Motion to Suppress. In its ruling on the Motion to Suppress, the Court concluded that BRPD officers searched Defendant's apartment after the corresponding warrant was signed, largely based on the testimony of the officers

3

themselves. (Doc. 38 at p. 9). The Court found that the BRPD incident reports, which indicated that the warrant was signed earlier than stated by officers, did not create sufficient doubt that the search occurred prior to the issuance of the warrant because the dates noted in the reports were in error. (*Id.*) However, if the Court finds Defendant's new witnesses to be more credible than the officers, the validity of the warrant could be called into question. Thus, the Court will allow Defendant's two additional witnesses to testify.

### *2. Prior Disclosure of Identities and Statements*

The United States requests that the Court order Defendant to provide the witnesses' identities and written statements prior to a second evidentiary hearing. However, the United States does not cite, and the Court has not found, any law entitling the United States to such reciprocal discovery in advance of the hearing, except in limited circumstances. Federal Rule of Criminal Procedure 26.2 governs the production of the statements of a witness who testifies at a suppression hearing. Fed. R. Crim. P. 26.2(g). The rule provides that after a witness has testified on direct examination, the Court, on the motion of the opposing party, must order the production of the witness's pre-hearing statements, should any exist. Fed. R. Crim. P. 26.2(a). Critically, the rule does not provide for the disclosure of the witness's identity or statements prior to the hearing. As such, the United States' request that Defendant disclose the two witnesses' identity and testimony prior to the hearing is denied. However, counsel for the United States and Defendant are urged to meet and confer in an effort to reach an agreement on the pre-hearing disclosures of Defendant's witnesses.

4

## III. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion for Reconsideration of Order, to Reopen Hearing, and for Status Conference (Doc. 50)** is **GRANTED IN PART** and **DENIED IN PART.** A second evidentiary hearing on Defendant's Motion to Suppress (Doc. 25) is set for **January 23, 2019 at 9:30 A.M**, in **Courtroom 2.** Defendant's request for a status conference is denied. Any additional scheduling matters will be addressed at the evidentiary hearing on January 23, 2019.

Baton Rouge, Louisiana, this 4th day of December, 2018.

**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**